HIGGINS, Justice
 

 (concurring).
 

 The plaintiff in his petition alleges: “That on a date between August 14, 1939 and August 26, 1939, the exact day being unknown to petitioner, the said Thibodo, entirely without the knowledge and consent of your petitioner, through his agents and representatives, trespassed and entered upon and remained upon and in possession of the above described property (four lots of ground in Beverly Knoll Subdivision, forming the corner of Arlington Drive and Loumor Avenue, Metairie Ridge), belonging to petitioner for two or three days, the exact length of time being unknown to petitioner, . and placed upon said property and upon the sidewalks adjacent thereto, above described, large power digging machines and other hand and power machinery and broke and damaged said sidewalk adjacent to petitioner’s said property to the loss and detriment of petitioner, * *
 

 If these allegations were the only ones in the plaintiff’s petition, he might reasonably argue that he is claiming damages for trespassing upon his land. These allegations might also be construed as a claim for damages for depreciating the value of his lots as a result of the destruction of the paved sidewalks, which were later replaced by inferior ones. However, the plaintiff has made other specific allegations which modify and limit these general ones, because he states that his loss was sustained “* * * in the following respects, to-wit: by damaging .and breaking the said sidewalks to such an extent as to make it necessary to reconstruct them.” The remaining allegations in the petition show that petitioner limits his claim for damages to the difference between the value of the paved sidewalks which were destroyed and the costs of the inferior paved sidewalks with which they were replaced.
 

 I, therefore, agree with the conclusion that the petitioner is claiming reimbursement as a result of damages to the paved sidewalks and not damages for trespassing on his lots or causing their value to be depreciated.
 

 For these reasons, I concur in the decree.